18274

The STATE, Respondent, v. Henrietta HILL, Appellant

(138 S. E. (2d) 829)

*Messrs. Bolt & Bowen,* of Greenville, *for Appellant,*

78

*Messrs. C. Victor Pyle, County Solicitor,* and *H. F. Partee,* of Greenville, *for Respondent,* ■

November 10, 1964.

BUSSEY, Justice.

The appellant was indicted, convicted and sentenced on a count charging her with possession of unlawful alcoholic liquor, from which conviction and sentence she appeals. The only evidence against the defendant, sufficient to support a conviction, was obtained by virtue of a search warrant, issued solely on the basis of the following affidavit:

"*Personally* comes *J. L. Tabor,* who being sworn, says that he is informed by *Informer* and has good reasons to believe *The occupants of 303 Haynie Street* has concealed on his or her premises, or in his, her dwelling or in a motor

vehicle used by him or her at *Has a quantity of illegal whiskey.*

"Sworn to and subscribed before me this day of March 27, 1962

J. L. TABOR,        (L. S.)

JOHN O. JESTER,
Judge Municipal Court Recorder"

(The italicized portions of the above instrument were handwritten and the remainder thereof was a printed form.)

The principal issue involved on appeal is the contention of the appellant that the search warrant was issued in violation of Article I, Section 16 of the Constitution of South Carolina, as well as the Fourth Amendment to the Constitution of the United States, and not issued in conformity with Section 4-414 and 4-415 of the 1962 Code of Laws of South Carolina with the result that the search warrant was a nullity, and therefore the conviction should be reversed on authority of the decision of the United States Supreme Court in the case of *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. (2d) 1081, 84 A. L. R. (2d) 933.

The Fourth Amendment to the United States Constitution is identical with Article I, Section 16 of the Constitution of South Carolina, which reads as follows:

"Searches and seizures.—The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized."

Section 4-414 of the 1962 Code provides how search warrants may be issued and executed to search premises for contraband liquor, and Section 4-415 of the Code is as follows:

"Affidavits for search warrants to set forth sources of information.—Whenever in this Title it is provided that a search warrant shall issue upon an affidavit based on infor-

mation and belief the affidavit shall contain a statement setting forth the sources of information and the facts and grounds of belief upon which the affiant bases his belief."

By timely motions in the course of the trial, appellant challenged the validity of the search warrant on several grounds. The only ground which we think it here necessary to discuss is the contention that the affidavit did not comply with Code Section 4-415 in that the affiant did not disclose his "source of information." To quote from argument of appellant's counsel in the course of the trial, "to say 'an informer' is giving no information at all" as to the source of information.

The trial judge ruled against the appellant on this point on the narrow ground that the court would take judicial notice that a substantial part of police effort in criminal detection is generated by information afforded by informers, and to require that the names of such informers appear on all search and arrest warrants would have a decidedly adverse and uncontemplated effect on law enforcement. In this ruling we think his honor was in error. We agree with him that to require the names of such informers to appear on all search warrants would have a decidedly adverse effect on law enforcement. We, moreover, do not mean to hold that the mere failure to identify or name an informant in an affidavit, made in whole or in part on information and belief, to procure a search warrant, necessarily vitiates the search warrant.

To the contrary, we are of the opinion that an affidavit can very well sufficiently comply with the statutory provision as to affiant's source of information without identifying an informer or informers.

In this connection we call attention to the decision of the United States Supreme Court in the case of *Roviaro v. United States,* 353 U. S. 53, 77 S. Ct. 623 ,1 L. Ed. (2d) 639, which deals at some length with the rule which accords

to informers the "privilege" to remain anonymous the reasons for the rule, and the limitations thereupon.

The question here is simply whether the particular affidavit under consideration sufficiently complied with the statute as to the affiant's source of information, the affidavit being· made strictly on information and belief. Since the affidavit disclosed no source of information other than an undentified informer, it follows that it contained no fact or facts as to·the source of affiant's information and belief, for the judicious consideration of the issuing officer.

The statutory provision being only an implementation of the Constitution, the fundamental issue really is whether the affidavit showed probable cause, within the meaning of the Constitution, for the issuance of·a search warrant. We think it elementary that the determination of whether or not there is probable cause must be made by the officer empowered to issue the search warrant, and not by a police officer or other individual who seeks the warrant. See in this connection generally, 79 C. J. S., Searches and Seizures, § 74(f), p. 872.

As we see it, the statutory requirement that an affidavit on information and belief must set forth the sources of affiant's information is to the end that the magistrate may judicially weigh not only the information, but the source thereof, in determining whether or not there is probable cause for the issuance of the warrant. We point out that in many instances the mere name of the informer would convey nothing whatsoever to the issuing officer as the issuing officer may very well never have heard of the informer. Much more important and relevent on the issue of probable cause in many cases are such things as how well the informer is known to the affiant; whether affiant has had previous dealings with the informer; whether past experience has shown the informer to be reliable; the circumstances under which the information was disclosed,

and precisely what the information was. All such facts can be most important and helpful to the issuing officer in determining whether there really is probable cause for the issuance of the warrant within the meaning of the Constitution. No such important fact is even mentioned in the affidavit. The affidavit, therefore, did not disclose anything which the issuing officer could consider in arriving at a determination of whether there was probable cause for the issuance of the warrant, which, in effect, left the determination of probable cause to the judgment and discretion of the police officer, rather than to the issuing officer. Under these circumstances, we think it clear that the affidavit was totally insufficient and that the warrant issued thereupon was a nullity.

The pivotal question involved in this appeal, as to which we have reached the foregoing conclusion, presents a question of novel impression in this jurisdiction. Cases from other jurisdictions cited by both parties have, for one reason or another, been of little help to us in arriving at a conclusion. Suffice it to say that no case has been cited, nor has any case come to our attention, wherein a search warrant was held valid when based solely upon an affidavit as devoid of factual allegations supporting a finding of probable cause as is the affidavit in the instant case.

The respondent urges that the decision here should be controlled by the cases of *Rugendorf v. United States,* 376 U. S. 528, 84 S. Ct. 825, 11 L. Ed. (2d) 887, and *Jones v. United States,* 362 U. S. 257, 80 S. Ct. 725, 4 L. Ed. (2d) 233, in both of which cases it was held that the failure to disclose the identity of the informers in the affidavits in support of the search warrants did not render such warrants fatally defective. We agree with the rationale of the opinions in those cases, but they are not in point. In each of those cases the affidavits set forth very detailed facts as to what the affiants knew as a matter of personal knowledge, specifically what affiants had been told by informers, and enough information about the informers for the respective com-

missioners to form some opinion as to the credibility of the informers.

The search warrant being a nullity, the incriminating evidence obtained against the appellant was obtained as the result of an unconstitutional search and seizure. Prior to the decision of the United States Supreme Court in *Mapp v. Ohio, supra,* the evidence thus obtained would still have been admissible in this state and supported a conviction under the authority of *State v. Prescott,* 125 S. C. 22, 117 S. E. 637. The decision in the *Mapp case* for the first time imposed upon the states the rule long in effect in the Federal courts that evidence obtained as the result of an unlawful search and seizure must be excluded. *State v. Morris,* 243 S. C. 225, 133 S. E. (2d) 744.

Since the evidence obtained as a result of the unlawful search and seizure should have been excluded under the authority of the *Mapp case,* there is no other sufficient evidence to support a conviction. The conclusion which we have reached on this pivotal question makes it unnecessary to decide the other questions raised on appeal. The judgment of the lower court is, accordingly, reversed and the cause remanded for entry of a judgment of acquittal in favor of the appellant.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.