18684

The STATE, Respondent, v. Hattie YORK, Appellant

(156 S. E. (2d) 326)

*Messrs. Finley & McKeown,* of York, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *James B. Ellisor, Assistant Attorney General,* of Columbia, and *George F. Coleman, Solicitor,* of Winnsboro, *for Respondent,*

July 31, 1967.

BRAILSFORD, Justice.

In January, 1965, the appellant, Hattie York, was convicted in the Court of General Sessions for York County of having violated Section 56-1313, Code of 1962, by unlawfully having certain drugs in her possession. The first ground of appeal is that the evidence against her (amphetamine tablets) was the product of an unlawful search of her premises, and should have been excluded. The issue turns upon the validity of a search warrant issued by a York County magistrate upon the sheriff's application and affidavit, as follows:

"Personally comes Grover Noe, who being duly sworn says he has good reason to believe that Hattie York * * *

has concealed on her premises, \* \* \* a quantity of liquor \* \* \* and a quantity of 'Bennies' and/or other illegal drugs or narcotics; that affiants' source of information and ground of belief are based upon information received from C. Laney Talbert, Jr. and L. M. Kiser."

As pointed out in *State v. Hill*, 245 S. C. 76, 138 S. E. (2d) 829, the Fourth Amendment to the Constitution of the United States, and Article I, Section 16, of the Constitution of South Carolina, proscribe unreasonable searches and seizures in identical language, and prohibit the issuance of warrants except "upon probable cause, supported by oath or affirmation."

The issuance of search warrants for contraband liquor upon affidavit, which may be upon information and belief, is authorized by Section 4-414, Code of 1962. If the affidavit is upon information and belief, Section 4-415, *id.*, requires "a statement setting forth the sources of information and *the facts and grounds* of belief *upon which the affiant bases his belief.*" (Emphasis added.) Section 17-271, *id.*, provides that a search warrant for unlawful drugs "shall be issued only upon affidavit \* \* \* *establishing the grounds for the warrant.*" (Emphasis added.)

The requirement of an affidavit as the basis of a search warrant is common to both statutes. Although their verbiage is not identical, in the light of the constitutional provision which they implement, both statutes must be construed to require that sufficient facts be stated in the affidavit to form the basis of a judgment by the issuing officer that probable cause exists. We quote from *State v. Hill, supra:*

"We think it elementary that the determination of whether or not there is probable cause must be made by the officer empowered to issue the search warrant, and not by a police officer or other individual who seeks the warrant. See in this connection generally, 79 C. J. S., Searches and Seizures, Sec. 74 F., p. 879."

"As we see it, the statutory requirement that an affidavit on information and belief must set forth the sources of affiant's information is to the end that the magistrate may judicially weigh not only the information, but the source thereof, in determining whether or not there is probable cause for the issuance of the warrant." 245 S. C. at 81, 138 S. E. (2d) at 831.

Pointing out that the affidavit did not disclose any facts which would engender confidence in the source or substance of the affiant's information, the court said:

"The affidavit, therefore, did not disclose anything which the issuing officer could consider in arriving at a determination of whether there was probable cause for the issuance of the warrant, which in effect, left the determination of probable cause to the judgment and discretion of the police officer, rather than to the issuing officer. Under these circumstances, we think it clear that the affidavit was totally insufficient and that the warrant issued thereupon was a nullity." 245 S. C. at 82, 138 S. E. (2d) at 831.

Equally in this case, the affidavit on which the search warrant was issued did not put before the magistrate any of the information furnished to the sheriff by his informers, Talbert and Kiser.[1] The judicial officer was not enlightened as to the facts and circumstances which engendered the sheriff's belief that illegal drugs would be found on Hattie York's premises. Without such facts, he could not form a responsible judgment as to the existence of probable cause. Since the affidavit was thus deficient, the search warrant lacked the support required by the relevant constitutional and statutory provisions and was a nullity.

The same result is required both under the Fourth Amendment to the Constitution of the United States, which, according to decisions of the United States

---

[1] The evidence reveals that the informers were officers of the South Carolina Law Enforcement Division. We assume, without deciding, that this was sufficient to satisfy the magistrate that affiants' source of information was reliable.

Supreme Court, has been made applicable to the states by the Fourteenth Amendment, *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. (2d) 1081, 84 A. L. R. (2d) 933, and under federal standards pertaining to the issuance of search warrants, which also have been made applicable to the states. *Aguilar v. State of Texas,* 378 U. S. 108, 110, 84 S. Ct. 1509, 1512, 12 L. Ed. (2d) 723. The following quotation from *Aguilar* is dispositive:

"(T)he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States,* 376 U. S. 528, 84 S. Ct. 825 [11 L. Ed. (2d) 887], was 'credible' or his information 'reliable'. Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' * * *." 378 U. S. at 114, 84 S. Ct. at 1514, 12 L. Ed. (2d) at 279.

The State's contention that the warrant was validly issued on the sworn, oral testimony of the sheriff is an afterthought and lacks substantial support in the record. The sheriff testified that he had a conversation with the magistrate when the search warrant was issued. It stretches this testimony beyond its natural meaning to infer from it, as we are urged to do, that the sheriff testified before the magistrate under oath, or otherwise furnished information to him on "oath or affirmation."

Furthermore, this contention is based upon the misconception that the statutory requirement of an affidavit as the basis of a search warrant is athwart Article I, Section 16, of the Constitution. The constitutional prohibition against the issuance of a warrant except "upon probable cause supported by oath or affirmation" is not a grant of power. It is part and parcel of the historic provision

securing the people against unreasonable searches and seizures, and its only office is to prescribe minimum standards for the issuance of a warrant. The requirement of an affidavit complies with these standards and is a procedural detail, clearly within the competence of the legislature.

Reversed.

Moss, C. J., and Lewis and Bussey, JJ., concur.

Littlejohn, J., disqualified.