■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR LEE ARTIS, Appellant.— In a proceeding which was treated by the court below as one in habeas corpus brought by defendant, the latter appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, dated June 5, 1968, as, on reargument, adhered to the original determination dismissing the proceeding. Judgment reversed insofar as appealed from, on the law, without costs, and proceeding remitted to the Criminal Term for a further hearing, in accordance herewith. The findings of fact below have not been affirmed. The effect of the judgment is that defendant, as a fugitive from justice, is to be delivered to agents of the State

of North Carolina, upon a warrant issued by the Governor of this State pursuant to a requisition by the Governor of North Carolina. The requisition was founded upon, and accompanied by, two affidavits of a police officer who had investigated the alleged crime, wherein he in substance stated that on May 9, 1966 defendant broke and entered a stated dwelling in the City of Concord, North Carolina, and assaulted an occupant with a stick. None of the facts upon which these charges were based were stated, there was no indication that such facts were personally known to the deponent or, if made on information and belief, what the sources of the information and the grounds of belief were. Under well-settled law, affidavits such as these, being insufficient to show probable cause, have been held to be inadequate as a basis for a warrant to arrest a person in this State to answer a charge in this jurisdiction (*People* v. *James,* 4 N Y 2d 482, 485; *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 392). On the other hand, as respects the sufficiency of the papers underlying a warrant of extradition, before *Wolf* v. *Colorado* (338 U. S. 25) made the Fourth Amendment applicable to the states through the Fourteenth Amendment and *Mapp* v. *Ohio* (367 U. S. 643) made it enforcible against them by the same sanctions and constitutional standards as prohibit unreasonable searches and seizures by the Federal Government, it was the established rule that the inquiry in the asylum State was limited to whether the accused had been substantially charged with crime in the demanding State (*People ex rel. Higley* v. *Millspaw,* 281 N. Y. 441, 445; *People ex rel. Hayes* v. *McLaughlin,* 247 N. Y. 238, 242; *Biddinger* v. *Commissioner of Police,* 245 U. S. 128, 135; *Drew* v. *Thaw,* 235 U. S. 432, 440). Concededly, by the latter standard the police officer's affidavits herein were a sufficient basis for the issuance of the warrant for extradition. However, developments in constitutional law since *Wolf* (*supra*) and *Mapp* (*supra*) have made the requirement of probable cause in " in-state " cases equally applicable to a warrant of arrest in an extradition case (*Kirkland* v. *Preston,* 385 F. 2d 670; cf. *Giordenello* v. *United States,* 357 U. S. 480; see *Ker* v. *California,* 374 U. S. 23, 34; *Beck* v. *Ohio,* 379 U. S. 89). As appears, the affidavits herein do not meet such test. Upon the further hearing ordered hereby, the Criminal Term may consider such supplemental proof as the demanding State may submit, if any, upon the question whether there is probable cause for the issuance of a warrant (see *Kirkland* v. *Preston, supra,* p. 674, n. 8, p. 677, n. 18; *United States* v. *Ventresca,* 380 U. S. 102, 108–109; *Aquilar* v. *Texas,* 378 U. S. 108, 114–115). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.