**UNITED STATES of America ex rel.
Leo ROBINSON, Relator,**

v.

**Alexander KOSON, Warden, New York
City House of Detention for Men,
Respondent.**

**No. 70 Civ. 2875.**

United States District Court,
S. D. New York.

July 15, 1970.

Milton Adler, New York City, for relator; William A. Nelson, Legal Aid Society, Criminal Appeals Bureau, New York City, of counsel.

Frank S. Hogan, Dist. Atty., New York County, New York City, for respondent; Kenneth McCulloch, Asst. Dist. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner seeks his release by way of a federal writ of habeas corpus upon a claim that an extradition warrant and supporting affidavits presented by the State of Florida for his return there as a fugitive, and favorably acted upon by New York State, are void since they fail to show probable cause that he committed the crime charged. Accordingly, he contends his present detention by New York State for the purpose of extradi-

1

tion violates his rights under the Fourth and Fourteenth Amendments of the Federal Constitution. His claim heretofore has been presented to the state courts and uniformly rejected.

Petitioner instituted a habeas corpus proceeding in the Supreme Court of the State of New York attacking the warrant of rendition issued by the Governor. The petition was dismissed after a hearing, where the sole issue raised was the sufficiency of the requisition papers; the Appellate Division affirmed the dismissal and the New York State Court of Appeals rejected the appeal upon the ground that no substantial constitutional question was directly involved. Upon a consideration of petitioner's claim, this court also concludes that it is without substance.

In support of its warrant for petitioner's extradition, Florida submitted two basic documents: (1) an information by its state attorney filed in Duval County, Florida, in November 1966, which in two separate counts charged petitioner and others with the crime of breaking and entering an automobile with intent to commit a felony, and grand larceny of $560; (2) an affidavit sworn to by Sine Darlow on October 15, 1966, before a Justice of the Peace, charging that petitioner and another broke into Darlow's automobile and stole $560 cash, his property. Petitioner challenges Darlow's affidavit because "[i]t nowhere states that the affiant had personal knowledge

of the facts sworn to or that he had reliable information of those facts"—in sum, that it is constitutionally void for extradition purposes under the Fourth Amendment for failure to establish probable cause. This contention overlooks the substance of Darlow's affidavit, sworn to before a judicial officer who certified that Darlow had appeared before him and "made oath * * * [petitioner] did * * * break and enter * * * the automobile of Sine Darlow" and stole his $560. The affidavit is unequivocal and is not made upon information and belief. Upon its face it is made by the victim of a crime who, as such, would have personal knowledge of the facts. There is no basis for presuming that the affidavit was not based upon personal knowledge, and nothing has been presented to suggest its allegations were not so based.[1] Rather significantly, the endorsement on the information under the caption "Witnesses for the State" includes, among six other witnesses, the name of Sine Darlow. Parenthetically, since a prosecution of this type may be commenced in Florida by an information filed by the prosecutor, there is no reason why the presumption of probable cause that attaches to a grand jury indictment should not also apply in the instance of an information. Clearly, the affidavit and supporting papers upon their face meet the test of 18 U.S.C. section 3182, as construed in this circuit;[2] and further assuming that for

1. The petitioner concedes that in cases where a personal relationship between victim and perpetrator is an element of the crime, such as embezzlement, the personal knowledge of the victim affiant may be presumed. But he argues that this is not such a case since the crimes charged could be committed in the absence of the victim. He further points out that the affidavit follows to some degree the "Affidavit of Larceny" form set forth in Fla.Stat. § 923.15 (1967).

However, a warrant for the arrest of Robinson and another was issued on the basis of this affidavit by the Justice of the Peace before whom it was sworn. Under Fla.Stat. § 902.02 (1967), a magistrate may issue a warrant on a finding of "reasonable ground" on the

basis of an affidavit of a complaining witness, which may be supplemented by the magistrate's personal examination of this and other witnesses. See Kirkland v. Preston, 128 U.S.App.D.C. 148, 385 F.2d 670, 675–76 n. 13 (1967). Here, the Justice of the Peace was satisfied that the affiant's allegations established probable cause, a conclusion which may have been aided by a personal examination of the affiant and perhaps other witnesses. There is no reason presented to believe his conclusion was wrong.

2. United States ex rel. Vitiello v. Flood, 374 F.2d 554 (2d Cir. 1967) ; cf. People ex rel. Hinckley v. Tutuska, 20 N.Y.2d 684, 282 N.Y.S.2d 551, 229 N.E.2d 229, remittitur amended, 20 N.Y.2d 752, 283

extradition purposes an affidavit must establish probable cause under the Fourth Amendment standards,[3] it also appears to satisfy that test.

The petition is dismissed.

---

N.Y.S.2d 117, 229 N.E.2d 710, cert. denied, 391 U.S. 952, 88 S.Ct. 1850, 20 L. Ed.2d 865 (1968).

3. *See* Kirkland v. Preston, 128 U.S.App. D.C. 148, 385 F.2d 670 (1967), where the sole affidavit was by a police officer, which "merely repeat[ed] the language of the criminal statute allegedly violated," 385 F.2d 674; *accord*, People v. Artis, 32 A.D.2d 554, 300 N.Y.S.2d 208 (1969).