Floyd Edward WORTHAM, Appellant,

v.

STATE of Alaska, Appellee.

No. 1848.

Supreme Court of Alaska.

March 11, 1974.

Larry A. Jordan, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for appellant.

William Bittner, Stephen G. Dunning, Asst. Dist. Attys., Seaborn J. Buckalew, Dist. Atty., Anchorage, John E. Havelock, Atty. Gen., Juneau, for appellee.

## OPINION

Before, RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

CONNOR, Justice.

Appellant Wortham is wanted by the California authorities for violating three conditions of his parole: (1) leaving his place of residence without the permission of his parole agent; (2) failing to report on the first of every month beginning with July 1, 1971; and (3) possessing and using a pistol.

On September 8, 1972, appellant was charged with being a fugitive from justice in violation of AS 12.70.020. In response to papers (dated September 28, 1972) from the Governor of California,[1] Governor Egan issued a warrant for appellant's arrest and extradition on October 10. On October 19, appellant was arraigned on the Governor's warrant. On November 1, appellant filed a complaint for a writ of habeas corpus, which was denied on November 7.

Appellant appeals from that denial of a writ of habeas corpus. The questions presented by this appeal are (1) whether the warrant issued by the Governor of Alaska for appellant's arrest and delivery to the California authorities is legally sufficient, and (2) whether the appellant has been afforded due process of law under the doctrines of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

We will discuss initially the procedure required by due process of law where ex-

---

1. The documents submitted by the Governor of California to the Governor of Alaska show that appellant was convicted of a felony in California and was sentenced to prison there in 1970 for a term of six years. In 1971 he was granted parole. Parole was suspended in 1972 when the California Adult Authority ordered appellant returned to prison. An affidavit from a corrections official in California recites that appellant violated the conditions of his parole in the following respects:

"Condition 2: by leaving his place of residence in Richmond, California, without the permission of his parole agent. Condition 4: By failing to submit his monthly report on July 1, 1971, and the first of each month subsequently. Condition 7: By possessing and using a small caliber pistol as evidenced by his arrest on December 26, 1971, in Anchorage, Alaska."

tradition is sought for violation of parole or probation.

■ The due process requirements in extradition proceedings as set forth in *Morrissey:*

> "What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on *verified* facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." 408 U.S. at 484, 92 S.Ct. at 2602, 33 L.Ed.2d at 496. (emphasis added)

The court then went on to indicate that not one but two hearings would be required in a typical parole revocation procedure. A brief preliminary hearing should be held when the parolee is arrested and detained; and, if desired by the parolee, a more comprehensive hearing should be held when parole is formally revoked. The preliminary hearing is necessary because

> "due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." 408 U.S. at 485, 92 S.Ct. at 2602, 33 L.Ed.2d at 496.

The purpose of the preliminary hearing is to ascertain "whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts which would constitute a violation of parole conditions." 408 U.S. at 485, 92 S.Ct. at 2602, 33 L.Ed.2d at 497.

It is this hearing at the place of arrest with which we are here concerned. In *Morrissey,* the court referred to the fact:

> "[I]t may be that the parolee is arrested at *a place distant from the state institution,* to which he may be returned before the final decision is made concerning revocation." 408 U.S. at 485, 92 S.Ct. at 2602, 33 L.Ed.2d at 496. (emphasis added)

It is to be noted that this "place distant from the state institution" is not limited to a place *within the same state,* because nowhere in the *Morrissey* opinion does there appear to be a geographical limitation in its basic requirements of due process.

In fact, a parolee resident in a distant state has more to lose by being uprooted from possible family and job connections than does one arrested in the state of the incarcerating institution or one closely adjacent to it. When removed from a distant state, the results can be catastrophic, often involving loss of employment and disruption of domestic relations. It seems clear to this court that before permitting such a grievous loss to the parolee that there must be a compliance with the minimal due process requirements of *Morrissey.*

Any possible question as to whether due process requires a hearing for an alleged parole violator at the place of his arrest has been laid to rest by the recently decided case of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In that case, Scarpelli was placed on probation after conviction of a crime in Wisconsin. He was authorized to reside in Illinois and his probation was supervised by Illinois authorities pursuant to an interstate compact. He was subsequently arrested in Illinois for a burglary. Shortly thereafter, Wisconsin revoked his probation for that reason among others.

The United States Supreme Court expressly applied *Morrissey* in this multistate context stating:

> "Even though the revocation of parole is not a part of the criminal prosecution, we held that the loss of liberty entailed is a serious deprivation requiring that the parolee be accorded due process. Specifically, we held that a parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision." 411 U.S. at 781, 93 S.Ct. at 1759, 36 L.Ed.2d at 661.

We do not anticipate that the preliminary hearing will be unduly cumbersome. In the vast majority of cases, a verified statement setting forth the facts of the alleged parole violation, together with the other necessary documents, will be all that is required. On occasion, it may be necessary to bring a witness to testify at the hearing where the material facts are disputed. However, lengthy, involved, and expensive proceedings are not envisioned.

■ Appellant here alleges that the State of California has failed to provide the necessary documents referred to in AS 12.70.020(a).[2] so that the Alaska Governor's warrant was not based on probable cause. We note, however, that AS 12.70.020(a) only applies before conviction and would be inapplicable in this case. The proper section of the statute would be AS 12.70.020(b) which provides as follows:

"(b) No demand for the extradition of a person *convicted* of a crime in another state shall be recognized by the governor of this state unless made in writing and containing the following:

"(1) a statement by the executive authority of the demanding state that the person claimed has escaped from confinment [sic] or has broken the terms of bail, probation, or parole;

"(2) a copy of the judgment of conviction or of a sentence imposed in execution thereof; the copy must be authenticated by the executive authority making the demand." (emphasis added)

Appellant, however, asserts that even if section (b) is applicable, the State of California wholly failed to provide the Alaska Governor with affidavits showing that a

violation of probation or parole had occurred. Consequently, appellant concludes that the Alaska Governor's warrant was not based on probable cause.

Appellant argues that extradition arrests, like ordinary arrests, are surrounded by fourth amendment protections. That is, the warrant should not issue unless probable cause has been demonstrated. In support of this contention, appellant cites Kirkland v. Preston, 128 U.S.App.D.C. 148, 385 F.2d 670 (1967); Hithe v. Nelson, 172 Colo. 179, 471 P.2d 596 (1970); Grano v. State, 257 A.2d 768 (Del.Super.1969); Sheriff, Clark County v. Thompson, 85 Nev. 211, 452 P.2d 911 (1969); People v. Artis, 32 A.D.2d 554, 300 N.Y.S.2d 208 (1969); State v. Towne, 46 Wis.2d 169, 174 N.W.2d 251 (1970)

These cases discuss the showing of probable cause required for the rendition of persons charged with, but not convicted of, a crime in the demanding state. Appellant, however, has been convicted of a felony in California. Thus, this battery of authorities is distinguishable from the case at bar.

■ We agree that persons subjected to extradition proceedings are protected by certain constitutional rights which assure that the extradition power is not applied against them in an oppressive or arbitrary manner. But the probable cause requirements for rendering up an alleged parole violator are, in our opinion, less stringent than the requirements for extraditing one who has only been charged with and not convicted of a crime.

■ Persons free on parole are subjected to the executive authority of the state in which parole was granted. The formu-

2. AS 12.70.020(a) provides:
"(a) No demand for the extradition of a person accused *but not yet convicted* of a crime in another state shall be recognized by the governor of this state unless made in writing and containing the following:
"(1) an allegation that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled the demanding state; except that this allegation shall not be required in a proceeding based on § 50 of this chapter;

"(2) a copy of an indictment found or an information supported by affidavit in the state having jurisdiction of the crime or by a copy of a complaint, affidavit, or other equivalent accusation made before a magistrate there; the indictment, information, or complaint, affidavit, or other equivalent accusation must substantially charge the person demanded with having committed a crime under the law of that state, and the copy must be authenticated by the executive authority making the demand." (emphasis added)

lation of policies, procedures, and interpretation of a state's parole laws are matters uniquely within the competence of the officials of that state. In terms of the facts before us, a determination that the conditions of appellant's parole have been violated is one that should be made by the officials of the State of California.

■ At least two of the conditions of parole agreed to in writing by appellant, (1) not to leave California without permission and (2) to report regularly to a parole officer, are subject to objective proof. Clearly the appellant was physically present in Anchorage, Alaska, and not California. The certification of parole states the reasons for revocation were lack of permission to leave California and failure to report to a parole officer. Such information and the inferences therefrom would reasonably support a conclusion by the California Governor that appellant was in violation of his parole.

■ A review of the record reveals that accompanying the request for extradition to the Governor of Alaska were certified documents including two sworn criminal complaints, two informations, a certified commitment to state prison, fingerprint cards and photographs, a certification of the Adult Authority as to the length of prison term, a certification of parole by the Adult Authority and a certification of parole revocation by the Adult Authority together with an agreement of parole signed by appellant. Such documents clearly provided sufficient basis for issuance of the Alaska Governor's warrant under AS 12.70.020(b). The subsequent challenge to the sufficiency of the parole revocation certificate was met by the affidavit of Charles A. Spoon, who was the parole agent in charge of appellant's case. It is therefore concluded that the Alaska warrant was properly issued and the application for writ of habeas corpus was correctly denied.

The decision of the superior court is affirmed.