19793

The STATE, Respondent, v. James Jacob HARRELL, Appellant

(203 S. E. (2d) 671)

*Richard G. Dusenbury, Esq.,* of Florence, *for Appellant,*

*T. Kenneth Summerford, Sol.,* of Florence, *for Respondent.*

March 21, 1974.

LEWIS, Justice:

Appellant was convicted of receiving stolen goods and received a sentence of ten (10) years. He appeals, charging that the trial judge erred in admitting evidence obtained in searches allegedly conducted pursuant to invalid search warrants. All questions argued turn upon the sufficiency of the affidavits and applications upon which the search warrants were issued.

Two search warrants are involved. One involves the search of a trailer of one Willis Hicks, in which appellant was also residing; and the other involves the search of an automobile which appellant had been operating.

The place of business of Willcox Office Equipment Company, at Florence, South Carolina, was entered on November 12, 1972 and various items stolen, including printed business checks and tape recorders or players. A search warrant was subsequently obtained on December 8, 1972, authorizing the search of a house trailer rented by one Willis Hicks, with whom appellant had been temporarily residing. In the search of this trailer, items from the Willcox Office Equipment Company were found in a suitcase allegedly belonging to appellant.

The items obtained in the search of the Hicks trailer were admitted in evidence over the objection of appellant. Objection to such evidence was based upon the ground that the

affidavit, upon which the search warrant was issued, was deficient in that the affidavit failed to state sufficient facts for a judgment by the issuing officer that probable cause existed for the search.

We agree that the application and affidavit upon which the foregoing search warrant was issued was deficient under the test followed in *State v. Hill,* 245 S. C. 76, 138 S. E. (2d) 829 and *State v. York,* 250 S. C. 30, 156 S. E. (2d) 326; and that the search of the Hicks trailer under the search warrant was illegal. We do not understand that the State seriously contends otherwise. The evidence obtained from the trailer pursuant to the foregoing search was, therefore, inadmissible and prejudicial. Its admission in evidence requires that a new trial be granted.

The automobile which appellant had been operating was parked near the Hicks trailer. After the search of the trailer had been completed and the officers were on the outside, they saw, through the car window, a tape recorder or player on the seat of appellant's locked automobile. As a result, the vehicle was taken into custody and a search warrant obtained. Pursuant to this warrant, the car was searched and articles were found therein which were identified as part of the property taken in the burglary of Willcox Office Equipment Company. The evidence obtained in the search of appellant's automobile was also admitted in evidence over appellant's objection. The objection to the admissibility of this evidence, as in the case of that obtained in the search of the Hicks trailer, was upon the ground that the affidavit for the search warrant was insufficient to form the basis of a judgment as to probable cause.

The affidavit, upon which the search warrant was issued, was signed by a deputy sheriff, and stated that the deputy saw the property from the outside of the automobile. The affidavit of the officer that he saw the property in question in the automobile to be searched was sufficient basis for a determination by the issuing offi-

cer that probable cause existed for the search. The search warrant was, therefore, valid and the evidence seized during the search of the automobile was properly admitted in evidence.

Appellant argues, however, that the seizure of the automobile resulted from the illegal search of the trailer and, therefore, evidence obtained from the search of the car was also inadmissible. The fact that the officers went to the premises to search the trailer under an invalid search warrant would not render the seizure of the automobile and its subsequent search invalid. At the time the officers saw the tape player in plain view in the automobile, the search of the trailer had been completed, no rights were being asserted under the search warrant, and the officers were in the process of vacating the premises. The automobile was parked in an area beyond the scope of the trailer search warrant, and the subsequent seizure of the automobile was no more affected by the prior illegal search of the trailer than if the car had been seized by the officers at any other point on their return route.

The judgment of the lower court is accordingly reversed and the cause remanded for a new trial.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.