James M. SEGER, Petitioner,

v.

Eugene CAMP, Chief of Police, St. Louis
Metropolitan Police Department,
Respondent.

No. 60676.

Supreme Court of Missouri,
En Banc.

Nov. 6, 1978.

Kemper R. Coffelt, St. Louis, for petitioner.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

This is habeas corpus. Petitioner filed a petition in this Court for habeas corpus relief, alleging that he is unlawfully restrained by respondent under an extradition warrant issued by the Governor of Missouri. A writ was issued by this Court on March 21, 1978. Petitioner was released on bond on or about March 23, 1978.

On September 14, 1977, petitioner, a resident of St. Louis County, Missouri, was arrested by the Sheriff's Office of the City of St. Louis pursuant to arrest warrants issued by a magistrate in South Carolina and affidavits executed by Lieutenant G. R. Wagner of Beaufort County, South Carolina. Said warrants charge petitioner with assault and battery with intent to kill and robbery while armed with a deadly weapon. Petitioner's attorney subsequently spoke to Lieutenant Wagner by phone, and was advised that the information in the affidavits was not of his personal knowledge, nor that of the victim or co-defendant, but came from an informant. Petitioner requested and received a hearing in the Governor's Office on the validity of the South Carolina extradition papers. Upon receiving notice that the Governor's warrant would issue, petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals, St. Louis District, which was heard and denied.

In addition to copies of the arrest warrants and affidavits forwarded to the Governor of Missouri by the Governor of South Carolina, affidavits certifying the warrants, executed by the magistrate and clerk in South Carolina, and an extradition request by the Governor of South Carolina were forwarded. The Governor of South Carolina's requisition states in part:

"It appears from the attached documents, which are hereby certified to be authentic, and in accord with the laws of this State, that James Michael Segar [sic] stands charged with the crime of Assault and Battery with Intent to Kill and Armed Robbery in South Carolina; and it has been represented to me that such Fugitive was present in this State at the time of the commission of such crime, and that such Fugitive has fled from the justice of this State and has taken refuge in the State of Missouri."

The extradition is sought under the authority of Article IV, § 2, United States Constitution, and the enabling statute, 18 U.S.C. § 3182, which states:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear * * ."

Insofar as applicable here, § 548.031, RSMo 1969, provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging * * * that the accused was present in the demanding state at the time of the commission of

the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon * * *. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

■ Judicial review of the issuance of a governor's extradition warrant is limited to determining whether the governor exceeded his authority in issuing the rendition warrant. This determination is made by reviewing whether all of the following facts appear properly from the demanding governor's requisition and the supporting papers:

(1) that the person is demanded as a fugitive from justice;

(2) that there is an indictment or affidavit produced charging the person demanded with having committed a crime; and,

(3) that the papers have been certified as authentic by the demanding state. *State ex rel. Gaines v. Westhues*, 318 Mo. 928, 2 S.W.2d 612 (banc 1928); *Hagel v. Hendrix*, 302 S.W.2d 323 (Mo.App.1957); *Ex parte Arrington*, 270 S.W.2d 39 (Mo.banc 1954).

Petitioner alleges that the Governor of Missouri exceeded his jurisdiction in issuing his rendition warrant because "the Affidavit executed by Lt. Wagner is deficient in that said Affidavit does not state any *facts* in support of his assertion that your Petitioner committed the acts complained of and, further, that said Affidavits and Warrants are totally lacking any information whatsoever regarding the basis (informant's information) upon which Lt. Wagner obtained the Arrest Warrant," thus not enabling the Governor of Missouri to make an independent finding that probable cause existed for the issuance of the South Carolina

warrants. The magistrate's warrants state that reasonable grounds were found for believing that petitioner committed the offenses charged based on the affidavits.

The issue of whether an independent determination of probable cause must also be made by the governor of the asylum state from the affidavits produced by the demanding state before a warrant may properly be issued is one upon which jurisdictions are split. *Kirkland v. Preston*, 128 U.S.App.D.C. 148, 385 F.2d 670 (1967), and cases following it have held that for purposes of extradition, an affidavit does not succeed in "charging" a crime unless it sets out facts which justify a Fourth Amendment finding of probable cause by authorities in the asylum state. *People v. Artis*, 32 A.D.2d 554, 300 N.Y.S.2d 208 (1969); *Wellington v. State of South Dakota*, 413 F.Supp. 151 (1976). Other jurisdictions have held, however, that an extradition request based on an accusatory affidavit, along with an arrest warrant issued by a judicial officer, is sufficient under § 3182 although the charging document does not set out facts which support an independent finding of probable cause by the asylum state. *Garrison v. Smith*, 413 F.Supp. 747 (N.D.Miss.1976); *People v. Woods*, 52 Ill.2d 48, 284 N.E.2d 286 (1972); *Smith v. Helgemoe*, 369 A.2d 218 (N.H.1977); *In Re Consalvi*, 370 N.E.2d 707 (Mass.App.1977).

Those cases which hold that an independent determination of probable cause need not be made in the asylum state do so on the grounds that "[the] summary nature of extradition and the awareness that our Constitution protects equally citizens throughout the United States has led to the well-established rule * * * that it is not for courts in the asylum state to inquire into the constitutionality of a sister state's criminal justice system." *Garrison v. Smith*, supra, at 753. In *Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975), the Court held that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." The holding in *Gerstein* was

addressed in *Ierardi v. Gunter*, 528 F.2d 929 (1st Cir. 1976), and the Fourth Amendment requirement of probable cause was harmonized with the summary nature of extradition proceedings as follows:

"Respondents seem to assume that if a judicial determination of probable cause must precede extradition, it must be provided by the courts of the asylum state, where the fugitive is held. This is not so. *Gerstein* explicitly rejected the need for adversarial procedures; it required only the neutral and detached judgment of a judicial officer or tribunal, and contemplated that this could be provided before as well as shortly after arrest. Thus nothing in *Gerstein* prevents the demanding state from providing the requisite pre-rendition determination of probable cause." Id. at 930–31.

■ In the instant case, petitioner was arrested and is now held under a governor's rendition warrant issued on the basis of warrants, supported by affidavits, from a South Carolina magistrate. A determination of probable cause has been made in South Carolina, and it is not necessary that a further independent determination of probable cause be made in Missouri.

■ Petitioner further alleges that the documents given to the Governor by South Carolina are not properly authenticated and certified. However, the South Carolina Governor's requisition states that the documents are "certified to be authentic," and the requisition is accompanied by affidavits sworn to before a magistrate, warrants issued by the magistrate, a certification from the clerk of the court in which the affidavits and warrants were filed attesting to their authenticity, an affidavit from the judge of that court attesting to the due form of the clerk's certification, and another certificate from the clerk attesting that the judge is the duly elected and qualified judge of that court. Thus, the laws requiring the proper execution and authentication of the papers forming the basis of the request have been fully complied with and the authentication by the Governor of South Carolina is sufficient. *Hayes v. O'Connell*, 263 S.W.2d 66 (Mo.App.1953).

■ Petitioner also contends that the magistrate court of the City of St. Louis, where petitioner was originally incarcerated, "has lost jurisdiction of the subject matter for the reason that the Governor's Warrant has been issued following and in excess of the statutory time prescribed," and that "Lt. Wagner was not a 'creditable person' as set forth in Section 548.131, R.S.Mo. and therefore, the warrant that has been issued based upon his Affidavit is null and void." Petitioner's contentions as to the legality of his restraint prior to his being served with the Governor's rendition warrant are not cognizable in this proceeding. "We are concerned only with the legality of the restraint of petitioner at the time of the hearing or final decision. His rights do not depend entirely upon the legality or illegality of the original caption." *Lombardo v. Tozer*, 264 S.W.2d 376, 379 (Mo.App.1954). As of the time of the final hearing in this matter petitioner was lawfully in custody under the warrant of rendition issued by the Governor of Missouri.

The writ of habeas corpus is quashed and petitioner is ordered remanded to the custody of respondent.

MORGAN, C. J., and BARDGETT, FINCH and RENDLEN, JJ., concur.

SEILER, J., dissents in separate dissenting opinion filed.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.

SEILER, Judge, dissenting.

I respectfully dissent. As the majority opinion notes, a judicial determination of probable cause must precede extradition. Here, while the South Carolina arrest warrants issued by the magistrate contain a recital about "reasonable grounds to believe" that petitioner committed assault and battery with intent to kill in one warrant and robbery while armed with a deadly weapon in the other, this recital, by its own terms, is based on an attached affidavit made in each instance by Lt. Wagner.

Each affidavit commences with the words "The affiant states that there is probable cause to believe that the defendant(s) named above did commit the crime(s) set forth and that such probable cause is based on the following facts:"

Then Lt. Wagner, in language which reads like an information or indictment, proceeds separately to charge petitioner with assault and battery with intent to kill upon one Earnest M. Herndon at a particular time and place, and with robbery while armed with a deadly weapon of Earnest M. Herndon at a particular time and place.[1] There is nothing in the affidavits to indicate they were based on personal knowledge or observation. There is nothing in the affidavits to answer the question: "What makes you think that petitioner committed the offense charged?"

Therefore, the arrest warrants are fatally defective in that they were issued on the basis of conclusions, not facts, sworn to by the affiant before the magistrate, contrary to the requirements of the law, both in South Carolina and elsewhere. *See Gernstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Jaben v. United States*, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Giordenello v. United States*, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); *State v. York*, 250 S.C. 30, 156 S.E.2d 326 (1967); *State v. Hill*, 245 S.C. 76, 138 S.E.2d 829 (1964). The magistrate apparently had confidence in Lt. Wagner and believed nothing more than the latter's conclusions were needed on which to issue the arrest warrants. This, however, leaves it to the police officer to decide what is probable cause, which is not, and should not be, the law.

---

1. The affidavit as to the assault charge stated as follows:

"That on July 29, 1976, John E. Wilcox and James M. Seger did commit the offense of Assault and Battery with Intent to Kill while in the commission of committing a Robbery while Armed with a deadly weapon upon one Earnest M. Herndon in Hardee's Restaurant located on Highway 278, Hilton Head in Beaufort County, in that John E. Wilcox and James M. Seger did physically beat, strike and cause bodily harm to Earnest Herndon, causing him to be hospitalized for 39 days and having to be under constant medical care since the date of Robbery."

The affidavit as to the robbery charge stated as follows:

"That on July 29, 1976 John E. Wilcox and James M. Seger did commit the offense of Robbery while armed with a deadly weapon. That John E. Wilcox and James M. Seger did rob the Hardee's Restaurant located on Highway 278, Hilton Head, S.C. in Beaufort County. That John E. Wilcox and James M. Seger did rob while armed with a deadly weapon one Earnest M. Herndon of approximately ($2000.00) two thousand dollars. That during the commission of the Armed Robbery Earnest M. Herndon was severely beaten."