**Calvin J. KELLY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3599.**

Court of Appeals of Alaska.

Nov. 23, 1990.

Kathryn Kelly, Wassilla, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

OPINION

COATS, Judge.

The Commonwealth of Virginia filed extradition papers against Calvin James Kelly on May 30, 1990. Kelly filed a writ of habeas corpus in Superior Court, challenging the validity of Virginia's extradition papers on several grounds. The superior court denied the petition and Kelly appeals the denial of his petition to this court. We affirm.

In March of 1987, Kelly was incarcerated in Alaska for crimes committed in this state. The Virginia Department of Corrections initially wrote the Alaska Department of Corrections on March 11, 1987, stating that Kelly was wanted in Virginia for the crime of escape and to complete his felony sentence. They stated that Kelly escaped from a Virginia prison on June 12, 1979, while serving a fifteen-year felony sentence for burglary and grand larceny. The state requested that this letter be considered an official detainer.

On April 25, 1988, pursuant to the Interstate Agreement on Detainers Act, AS 33.-35.010, Article III(a), Kelly requested a trial within 180 days on the outstanding felony escape charge. Kelly was not brought to trial; Virginia withdrew the detainer on June 3, 1988.

On May 30, 1990, Virginia formally requested that Kelly be extradited to Virginia upon completion of his Alaska sentence. Virginia apparently used an inappropriate application form. This application stated that Kelly was charged with the crime of "time left to serve after having been convicted and sentenced for fifteen years...." The application stated that Kelly was wanted for crimes committed in the County of Pittsylvania. Kelly had been incarcerated in the County of Pittsylvania; however, his underlying felony charges were based on crimes committed in the County of Warren. The application for extradition also included a copy of the judgment and sentence for the burglary and grand larceny convictions,

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

and an arrest warrant for the escape charge.

Kelly argues that the extradition papers are invalid because they do not comply with the requirements of either Alaska Statute 12.70.020(a) or (b).

■ There are two types of demands for extradition. Alaska Statute 12.70.020(a) delineates the requirements for extradition of a person accused but not yet convicted of a crime; Alaska Statute 12.70.020(b) states the requirements for extradition of a person convicted of a crime in another state. Virginia apparently used a standard form for extradition of a person accused but not yet convicted of a crime. Kelly argues that Virginia did not comply with the requirements of AS 12.70.020(a) because "time left to serve" is not a crime in the state of Virginia.

"Time left to serve" is not a crime, and therefore Virginia failed to comply with AS 12.70.020(a)(2). However, because Virginia was seeking extradition based on the fact that Kelly had already been convicted of a crime in that state and had not completed his sentence, the mistake was not in failing to charge Kelly with a crime, but in using the incorrect form.

■ The use of an incorrect form will not invalidate an extradition request. In *Smedley v. Holt*, 541 P.2d 17, 20 (Alaska 1975) (footnote omitted), the court reasoned that inconsistencies in an extradition application concerning the dates of the underlying offense did not invalidate the application if:

By referring to the record as a whole, however, it is clear that the reason for the variance in dates is a mere clerical error which could neither mislead nor harm [the person whose extradition is sought].

Similarly, by referring to the extradition papers as a whole, Kelly could not have misunderstood the reasons for Virginia's extradition request. Virginia sent a copy of Kelly's judgment and sentence for his felony charges, and he has not contested the fact that he has time left to serve on these sentences. Therefore, the clerical er-

ror of using the incorrect extradition form will not invalidate Virginia's extradition request.

■ Kelly next argues that Virginia's application did not meet the statutory requirements for extradition of a person convicted of a crime in another state. Alaska Statute 12.70.020(b) requires:

(1) a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of bail, probation, or parole;

(2) a copy of the judgment of conviction or of a sentence imposed in execution thereof; the copy must be authenticated by the executive authority making the demand.

Included among the extradition papers was a notarized statement that Kelly escaped from the Chatham Correctional Unit in Virginia, and a copy of the arrest warrant for the escape charge. Kelly contends that these papers are not sufficient to meet the first requirement of AS 12.70.020(b) because Virginia had already dismissed the escape charge, and extradition under these circumstances would violate his right to due process.

■ The dismissal of the escape charge does not prevent Virginia from alleging that Kelly escaped from prison. The statute requires a "statement" that the person has escaped; it does not require a conviction of escape. Moreover, the doctrine of collateral estoppel does not bar Virginia from stating that Kelly escaped. The escape charge was not litigated and determined by a final judgment; it was dismissed without reaching the merits of the charge. *See Denardo v. Municipality of Anchorage*, 775 P.2d 515, 517 (Alaska 1989). Because the escape charge was never litigated, Virginia is not prohibited from stating that Kelly escaped.

■ Kelly argues that extradition on the basis of mere allegations of escape violates his due process rights. Habeas corpus proceedings involving extradition are considered criminal in nature, and invoke a petitioner's due process rights.

*Kostic v. Smedley*, 522 P.2d 535, 537 (Alaska 1974). However, probable cause requirements for extradition of a person convicted of a crime are less stringent than those required for persons charged but not yet convicted of a crime. *Wortham v. State*, 519 P.2d 797, 800 (Alaska 1974). In *Wortham*, the supreme court found that a certification of parole, and certification of revocation of parole from California were a sufficient basis for extraditing an alleged parole violator. *Id.* at 801. Similarly, a copy of the sentence imposed for Kelly's Virginia felony charges, a statement that he failed to complete these sentences because he escaped, and a copy of the arrest warrant based on the escape charge, are a sufficient basis for extraditing Kelly on the ground that he has not completed his Virginia sentence.

Finally, Kelly contends that Virginia's extradition application is invalid because the sentencing orders for his underlying felonies state that they were committed in Warren County, but the extradition application states that Kelly is wanted for crimes committed in Pittsylvania County. Kelly contends that this discrepancy constitutes a denial of due process. Inconsistencies will not invalidate an extradition application if the papers as a whole explain the inconsistency. *See Smedley*, 541 P.2d at 20. Among the extradition papers sent to Alaska was a copy of the Application for Requisition for Return of Escaped Convict, which states that Kelly escaped from a prison in Pittsylvania County, where he was serving time for convictions in the Warren County Circuit Court. This application, combined with the copy of the judgment and sentence for the burglary and grand larceny charges, satisfactorily explains the inconsistencies in the extradition papers. Therefore, the inconsistency in naming the county where Kelly committed his felonies does not invalidate Virginia's extradition application.

We conclude that the extradition papers sent by Virginia support the application for extradition of Kelly under AS 12.70.020(b).

The superior court's denial of Kelly's petition for habeas corpus is AFFIRMED.