NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| JEFFERY JOHN BUCKLEY,<br><br>Appellant,<br><br>v.<br><br>STATE OF ALASKA,<br><br>Appellee. | Court of Appeals No. A-12549<br>Trial Court No. 4FA-16-1381 CI<br><br>O P I N I O N<br><br>No. 2509 — July 22, 2016 |

Appeal from the Superior Court, Fourth Judicial District, Fairbanks, Jane F. Kauvar, Judge.

Appearances: JoyAnna Mickels, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

The governor of Alaska issued a warrant for the extradition of Jeffery John Buckley to the State of Oregon to face a charge of criminal non-support (for failing to

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

pay more than $20,000 in child support). [1] Buckley challenged this extradition warrant by filing a petition for writ of habeas corpus. The superior court denied Buckley's habeas corpus petition, and Buckley now appeals the superior court's decision on two bases.

First, Buckley points out that, even though the Oregon indictment charging him with non-support spells his first name "Jeffery", and even though the Oregon governor's extradition request and the Alaska governor's extradition warrant also spell his first name "Jeffery", the underlying civil judgement imposing the child support obligation spells his first name differently — "Jeffrey".

But Buckley has never denied that he is the person indicted for criminal non-support in the State of Oregon, and the person named in the Oregon governor's extradition request. The Oregon indictment not only spells Buckley's name correctly ("Jeffery"), but it also recites his date of birth and his driver's license number, as well as the name of his daughter (the child he is obligated to support).

Given these circumstances, the fact that the underlying child support order contains a different spelling of Buckley's first name is irrelevant to the validity of the superior court's extradition order. *See Kelly v. State*, 803 P.2d 876, 878 (Alaska App. 1990) (holding that discrepancies in the extradition documentation will not invalidate the extradition request if the record as a whole shows that the discrepancy is a "mere clerical error").

Buckley's second argument is that the State of Oregon is not legally entitled to demand his extradition. Buckley relies on the wording of AS 12.70.020(a)(1), which declares,

---

[1] *See* AS 12.70.060.

No demand for the extradition of a person accused but not yet convicted of a crime in another state shall be recognized by the governor of this state unless ... [it] contain[s] ... an allegation that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter the accused fled the demanding state; except that this allegation may not be required in a proceeding based on AS 12.70.050[.]

Buckley asserts that he was not present in the State of Oregon during the time covered by the criminal non-support indictment — and that, therefore, even if he did fail to pay the court-ordered child support as alleged in the Oregon indictment, the governor of Oregon could not properly allege that "[Buckley] was present in the demanding state [*i.e.*, Oregon] at the time of the commission of the alleged crime and that [he] thereafter ... fled the demanding state".

Buckley's argument overlooks the last clause of AS 12.70.020(a)(1) — the clause declaring that, in cases covered by AS 12.70.050, an extradition demand does *not* have to include an allegation that the accused was physically present in the demanding state when the crime was allegedly committed.

AS 12.70.050 expressly authorizes the governor of Alaska to extradite a person charged with "committing an act in [Alaska], or [in] a third state, intentionally resulting in a crime in the [demanding] state ... , even though the accused was not in [the demanding] state at the time of the commission of the crime and has not fled from that state."

This provision applies to Buckley: if, while living outside the State of Oregon, Buckley intentionally failed to pay the child support that he owed in Oregon, then the Oregon authorities could properly charge him with criminal non-support, and the governor of Alaska was authorized to order his extradition to Oregon.

*See Moser v. Zaborac*, 514 P.2d 12 (Alaska 1973) (upholding the defendant's extradition to Minnesota, based on allegations that he committed acts in Idaho that resulted in the commission of a crime in Minnesota). *See also Clayton v. Wichael*, 141 N.W.2d 538, 539 (Iowa 1966) (upholding the defendant's extradition to Oregon for criminal non-support, even though the defendant testified that he was living outside Oregon when he failed to make his support payments).

Because there is no merit to either of Buckley's arguments on appeal, the superior court's decision is AFFIRMED.